UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDERSON JOSEPH,

                           Plaintiff,                    **MEMORANDUM & ORDER**

           - against -                                   21-CV-2137 (PKC) (PK)

JAMAICA HOSPITAL MEDICAL CENTER,

                           Defendant.

--------------------------------------------------------x

ANDERSON JOSEPH,

                           Plaintiff,

           - against -
                                                         21-CV-2139 (PKC) (PK)
MOUNT SINAI QUEENS,

                           Defendant.

--------------------------------------------------------x

ANDERSON JOSEPH,

                           Plaintiff,

           - against -
                                                         21-CV-2140 (PKC) (PK)
NYU LANGONE MEDICAL BUSINESS
OFFICE,

                           Defendant.

--------------------------------------------------------x

ANDERSON JOSEPH,

                           Plaintiff,

           - against -                                   21-CV-2141 (PKC) (PK)

1

QUEENS HOSPITAL CENTER,

                    Defendant.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Anderson Joseph brings these four *pro se* actions under 42 U.S.C. § 1983 ("Section 1983") alleging medical malpractice.[1]   The actions are consolidated solely for the purpose of this Order.  Plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 are granted.  For the reasons discussed below, the Complaints are dismissed.

## LEGAL STANDARD

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although all allegations contained in the compliant are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d

---

[1] The Court notes that in recent weeks, Plaintiff has filed 19 other cases against various individuals, organizations, and entities based on allegations that are unrelated to the allegations set forth in the Complaints associated with the cases captioned herein.  *See Joseph v. Nassau Cnty. Dep't of Prob.*, No. 21-CV-1690 (PKC) (PK); *Joseph v. Supreme Ct. of the State of N.Y.*, No. 21-CV-1685 (PKC) (PK); *Joseph v. Legal Aid Soc'y*, No. 21-CV-1686 (PKC) (PK); *Joseph v. N.Y.C. Police Dep't*, No. 21-CV-1687 (PKC) (PK); *Joseph v. Kirby Forensic Psychiatric Ctr.*, No. 21-CV-1688 (PKC) (PK); *Joseph v. Dep't of Probation*, No. 21-CV-1689 (PKC) (PK); *Joseph v. Row Hotel*, No. 21-CV-1691 (PKC) (PK); *Joseph v. Children's Rescue Fund*, No. 21-CV-1692 (PKC) (PK); *Joseph v. Landing Fam. Shelter*, No. 21-CV-1693 (PKC) (PK); *Joseph v. Spring Fam. Residence*, No. 21-CV-1694 (PKC) (PK); *Joseph v. Hollis Fam. Residence*, No. 21-CV-1695 (PKC) (PK); *Joseph v. MTA NYC Transit*, No. 21-CV-1696 (PKC) (PK); *Joseph v. H. Stark*, No. 21-CV-2136 (PKC) (PK); *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK); *Joseph v. TD Bank*, No. 21-CV-2811 (PKC) (PK); *Joseph v. Ridgewood Sav. Bank*, No. 21-CV-2812 (PKC) (PK); *Joseph v. CMJ Mgmt. Inc.*, No. 21-CV-2813 (PKC) (PK); *Joseph v. Chase Bank*, No. 21-CV-2814 (PKC) (PK); *Joseph v. Bank of Am.*, No. 21-CV-2816 (PKC) (PK).

Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations.").  "If [a] liberal reading of the complaint 'gives any indication that a valid claim might be stated,' the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## BACKGROUND

In his Complaint against Jamaica Hospital Medical Center ("Jamaica Hospital") for malpractice, Plaintiff alleges that on or about October 21, 2020, his daughter was born at Jamaica Hospital and kept there unnecessarily for seven days.  (No. 21-CV-2137, Dkt. 1, at 3–4.)  Plaintiff "believe[s] the Hospital was doing malpractice and discriminate[d] [against his] family" by "doing il[l]egal activities."  (*Id.* at 4.)  Plaintiff alleges that his daughter had a "hard time sleeping," "her skin wasn't normal," and "she shit[t]ed green liquid."  (*Id.*)  Plaintiff seeks $100 million in damages for pain and suffering.  (*Id.* at 5.)

In his Complaint against Mount Sinai Queens for malpractice, Plaintiff alleges that on or about August 30, 2018, he and his wife went to Mount Sinai Queens hospital to check on his wife's

pregnancy.[2]  (No. 21-CV-2139, Dkt. 1, at 3–4.)  Plaintiff alleges that a nurse took his wife's blood "so bad," causing his wife to give "so much blood the nurse [had] to change[] the blanket."  (*Id.* at 4.)  When Plaintiff asked if the nurse knew what she was doing, the nurse allegedly stated that she was "in training."  (*Id.*)  Plaintiff alleges that it "was negligence for a nurse [i]n training" to work "on a pregnant woman by herself," and that the nurse "almost killed" Plaintiff's wife.  (*Id.*)  Plaintiff seeks $5 million in damages for discrimination and pain and suffering.  (*Id.* at 5.)

In his Complaint against NYU Medical Business Office[3] ("NYU Medical") for malpractice, Plaintiff alleges that on or about February 17, 2019, he and his wife were at the hospital to deliver his son, but "the doctor took to[o] long," so his son died "in [his] wife['s] stomach."  (No. 21-CV-2140, Dkt. 1, at 3–4.)  Then, a "wonderful doctor" slapped his son on "the behind" and he was alive.  (*Id.* at 4.)  Plaintiff alleges that the delay in delivering his son was malpractice and that he feels "discriminated [against] based on the process."  (*Id.* at 4.)  Plaintiff also alleges that after his son was released from the hospital, he "wasn't look[ing] good," so Plaintiff had to take him to the emergency room.  Plaintiff seeks $100 million in damages for pain and suffering.  (*Id.* at 5.)

In his Complaint against Queens Hospital Center for malpractice, Plaintiff alleges that on or about August 30, 2018, he and his three-month pregnant wife went to Queens Hospital Center for a pregnancy check-up and had to stand until the "process" was over because there were "no chairs" and "no hospital beds."  (No. 21-CV-2141, Dkt. 1, at 3–4.)  Plaintiff alleges that he and his

---

[2] The Court assumes, based on the alleged dates of events included in the actions against Jamaica Hospital and Mount Sinai Queens, that the pregnancy referred to in the latter action was unrelated to Plaintiff's daughter, who allegedly was born in Jamaica Hospital in October 2020.

[3] The Court assumes that Plaintiff is referring to NYU Langone Health.  *See About Us*, NYU LANGONE HEALTH, https://nyulangone.org/our-story (last visited June 10, 2021).

wife felt "discriminate[d] [against] and disrespected."  (*Id.* at 4.)  Plaintiff alleges that he and his

wife felt stress, sadness, and loss of interest, and seek $5 million in damages for pain and suffering.

(*Id.* at 4–5.)

## DISCUSSION

### I.      42 U.S.C. § 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and

federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord*

*Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive

rights; it provides only a procedure for redress for the deprivation of rights established

elsewhere.").  To state a claim under Section 1983, a plaintiff must allege that the conduct at issue

was "committed by a person acting under color of state law" and that the conduct deprived plaintiff

"of rights, privileges, or immunities secured by the Constitution or laws of the United States."

*Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547

(2d Cir. 1994)).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

40, 50 (1999) (internal quotation marks omitted).  However, the Second Circuit has identified three

main tests for determining when the actions of a "nominally private entity are attributable to the

state" for purposes of Section 1983:

5

> (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state ("the public function test").

*Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir.2008)).  "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state."  *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

As an initial matter, it appears that Defendants Jamaica Hospital, Mount Sinai Hospital, and NYU Medical are private hospitals.[4]  "A private hospital is generally not considered a state (for section 1983 actions) [] actor."  *Anthony v. Med. Staff at Inst.*, 409 F. Supp. 3d 102, 105 (E.D.N.Y. 2016) (collecting cases); *see White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order) ("[P]rivate actors and institutions, such as the hospitals, . . . named as defendants in [the plaintiff]'s original complaint, are generally not proper § 1983 defendants because they do not act under color of state law." (citing *Sullivan,* 526 U.S. at 49–50)).  Plaintiff does not allege that any of these private hospitals acted under color of state law and there are no

---

[4] A review of the websites for Jamaica Hospital and Mount Sinai indicates that these are private entities.  *See About Us*, JAMAICA HOSPITAL MEDICAL CENTER, https://jamaicahospital.org/about-us/ (last visited June 10, 2021); *About Us*, MOUNT SINAI, https://www.mountsinai.org/about (last visited June 10, 2021).  Although NYU Langone Health's website indicates that it is affiliated with certain NYC Health + Hospitals locations in New York City (*see Our Story*, NYU LANGONE HEALTH, https://nyulangone.org/our-story), Plaintiff does not identify any of these locations in his Complaint (*see* No. 21-CV-2140, Dkt. 1, at 1 (referring to an office located at 14 Wall Street, New York, New York 10005)), and it appears that NYU Langone Health is primarily a private medical center.  By contrast, it appears that Defendant Queens Hospital Center is not a private entity, but rather is operated by NYC Health + Hospitals, and thus may qualify as a state actor.  *See Queens*, NYC HEALTH + HOSPITALS, https://www.nychealthandhospitals.org/queens/about-us/ (last visited June 10, 2021).

facts in the Complaints that demonstrate, even on a liberal reading, that the actions of these Defendants may be "fairly attributable" to the state.  Therefore, any Section 1983 claims against these private hospitals must be dismissed for failure to state a claim upon which relief could be granted.

Furthermore, Plaintiff's medical malpractice claims against all four Defendants fail because the Court does not have jurisdiction over these state law claims.  "A claim sounds in medical malpractice when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician.'"  *Sha v. Mem'l Sloan-Kettering Cancer Ctr.*, No. 99-CV-3233 (AKH), 2000 WL 1760883, at *1 (S.D.N.Y. Nov. 30, 2000) (quoting *Weiner v. Lenox Hill Hospital,* 673 N.E.2d 914 (1996)), *aff'd sub nom. Sha (Engelhardt) v. Mem'l Sloan Kettering Cancer Ctr.*, 29 F. App'x 788 (2d Cir. 2002). Plaintiff's Complaints in the above-captioned matters relate to medical treatment provided by Defendants and thus can be read as claims for medical malpractice.  Medical malpractice claims "arise under state law, and a federal court generally will not have original jurisdiction over the[se] claims unless complete diversity exists," meaning "no plaintiff and no defendant are citizens of the same state."  *Urena v. Wolfson*, No. 09-CV-1107 (KAM) (LB), 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010).  Here, Plaintiff and Defendants all appear to be citizens of New York, thus complete diversity and diversity jurisdiction do not exist.  *See* 28 U.S.C. § 1332.  The Court also concludes that it lacks federal question jurisdiction over the above-captioned matters because the Complaints are devoid of claims "arising under the Constitution, laws, or treaties of the United

States."[5]  28 U.S.C. § 1331.  In the absence of any basis for federal court jurisdiction over the medical malpractice claims, these claims must be dismissed.

## II.      Denial of Leave to Amend

As discussed, the Court has a duty to give a *pro se* plaintiff the opportunity to amend his complaint if a "liberal reading of the complaint 'gives any indication that a valid claim might be stated[.]'" *Nelson-Charles*, 2019 WL 1675999, at *2 (quoting *Cuoco*, 222 F.3d at 112).  However, where it would be futile to do so because the claims are fundamentally invalid, the Court may deny the plaintiff this opportunity.  *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff]'s causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile."); *accord Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order).  The Court finds that it would be futile to allow Plaintiff to re-plead the claims asserted in these five actions, and, therefore, declines to grant him the opportunity to file amended complaints in any of these actions.

## III.      Filing Injunction Warning

The federal courts have limited resources.  Frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice.  "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."  *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (brackets, internal quotation marks, and citation omitted).

---

[5] Plaintiff fails to provide any facts to support his conclusory allegations of discrimination. (*See* No. 21-CV-2137, Dkt. 1, at 4; No. 21-CV-2139, Dkt. 1, at 5; No. 21-CV-2140, Dkt. 1, at 4; No. 21-CV-2141, Dkt. 1, at 4.)  The Court finds these allegations to border on frivolous and concludes that they fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff is warned that the future filing of vexatious and frivolous litigation by him may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without first obtaining permission from the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

The Complaints filed in the above-captioned cases are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully directed to enter judgments and terminate the above-captioned cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: June 11, 2021
     Brooklyn, New York

9